# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND T. FREIE, JR., <br><br> Petitioner, <br><br> vs. <br><br> JOHN FAYRAM, <br><br> Respondent. | No. C10-2073-MWB <br><br> **REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |

On December 8, 2010, the petitioner Raymond T. Freie, Jr. (Freie), filed an application for habeas corpus pursuant to 28 U.S.C. § 2254 against John Fayram, the warden of the Anamosa State Penitentiary ("the State"). (Doc. No. 2.) On February 18, 2011, Freie filed an amendment to his application expanding on his argument in support of one of the grounds asserted in the application. (Doc. No. 10.)

On March 11, 2011, the State filed a motion to dismiss the application as untimely. (Doc. No. 15.) The motion has been referred to the undersigned magistrate judge by the Honorable Mark W. Bennett "for review of the record and the pleadings, the conduct of any necessary evidentiary hearings, the hearing of any oral argument that may be necessary and the submission to the undersigned of a report and recommended disposition of the case." (Doc. No. 16.) Freie resisted the motion on April 14, 2011. (Doc. No. 18.) For the reasons set out below, the court recommends that the motion to dismiss be granted.

In 1981, after a jury trial in the Hancock, Iowa, district court, Freie was convicted of first-degree murder. He appealed the conviction to the Iowa Supreme Court. The court summarized the facts of the case as follows:

> At trial, the State attempted to prove that the victim, Lanny Casper, was romantically involved with the defendant's wife, that she was planning to divorce the defendant in order

to marry the victim, and that as a result of this relationship, the defendant murdered the victim.

. . . .

The victim was found in the bathroom of his home fatally shot once through the upper portion of his chest. He had been shot at close range with his own rifle, which was found nearby. Testimony indicated that the bullet followed a path parallel to the ground, piercing the victim's heart. Testimony also revealed that a high level of concentration of antimonium and barium (residue of gunpowder) was found on the palms of the victim's hands indicating that he may have had his hands up in a defensive manner when the fatal shot was fired.

Upon his initial arrest, the defendant made certain statements concerning his whereabouts and involvement in the shooting which were inconsistent with his later trial testimony. At trial, the defendant admitted that after learning of his wife's relationship with "another man," he had discussed with his daughter his intention to harm this "other man." Testimony indicated that he sought out the name and address of the victim and had parked in the vicinity of his home on several occasions during a two-week period prior to the victim's death. The defendant admitted that on at least one occasion he entered the victim's home when no one was there. The defendant also admitted being present at the shooting but claimed that as a result of a scuffle with the victim, the rifle accidentally discharged.

The defendant's version of the incident was that on the day of the shooting he had been waiting for the victim and that when the victim arrived home he went to the door and was invited into the kitchen. Defendant stated that he discussed with the victim his resistance and disapproval of the pending divorce and the future of his children, and then, the victim "got real mad and jumped up, and told me to get the hell out." The defendant claims that as he turned to leave he stumbled over a rifle near the door and picked it up, that the victim then grabbed the gun, and as the two were "pulling it back and forth" the gun went off, striking the victim. The defendant fled but later returned to find the victim lying on the bathroom

floor, dead. Frightened, he claimed, he then left with intentions to find his wife.

*State v. Freie*, 335 N.W.2d 169, 171 (Iowa 1983). The jury rejected Freie's version of the incident and convicted him of murder in the first degree.

In his appeal to the Iowa Supreme Court, Freie asserted two arguments. He argued (1) the evidence was insufficient to support the verdict; and (2) the cross-examination of his wife improperly exceeded the scope of direct examination. The court rejected both arguments and affirmed the conviction. *Id*. at 172.

After his unsuccessful direct appeal, Freie filed an application for postconviction relief in Hancock County district court in which he asserted ineffective assistance from his trial counsel. The district court ruled against him, and on March 9, 1988, the Iowa Court of Appeals affirmed. *Freie v. State*, No. 86-1842, 428 N.W.2d 318 (unpublished table decision) (Iowa Ct. App. 1988). Freie subsequently filed a second, third, and fourth state postconviction action, all of which were dismissed on statute of limitations grounds. He also filed three federal habeas actions, the first two of which were dismissed without prejudice. Freie's third federal habeas application, filed on December 8, 2010, is currently before the court.

The State moves to dismiss this application, arguing that it is barred by the one-year period of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

>       the applicant was prevented from filing by such State
>       action;
>       (C) the date on which the constitutional right asserted
>       was initially recognized by the Supreme Court, if the
>       right has been newly recognized by the Supreme Court
>       and made retroactively applicable to cases on collateral
>       review; or
>       (D) the date on which the factual predicate of the claim
>       or claims presented could have been discovered through
>       the exercise of due diligence.
>   (2) The time during which a properly filed application for State
>   post-conviction or other collateral review with respect to the
>   pertinent judgment or claim is pending shall not be counted
>   toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Where, as here, the petitioner's judgment became final before the enactment of AEDPA on April 24, 1996, the petitioner has a one-year grace period, ending April 24, 1997, for the filing of a habeas petition. *See Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999).

Freie's first federal habeas application was dismissed without prejudice by Judge Edward J. McManus on December 10, 1991. *See* dismissal order filed in *Freie v. Nix*, C91-3029. Freie's second federal habeas application was filed on June 14, 2010. In that application, Freie argued that: (1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him; (2) his conviction was obtained by the use of a coerced confession; and (3) he was denied effective assistance of counsel. On July 16, 2010, Judge Bennett dismissed the application because Freie had appealed from the state district court's dismissal of his fourth state postconviction action and that appeal was still pending. *See Freie v. Fayram*, No. C10-3032, Doc. No. 3 (N.D. Iowa). The appellate proceedings in state court were subsequently completed, and Freie filed this, his third, federal habeas application. In this application (Doc. Nos. 2, supplemented by Doc. No. 10) Freie raises the same three issues he asserted in his second federal habeas application.

In dismissing Freie's second federal habeas application, Judge Bennett discussed AEDPA's one-year limitations period as it applied to Freie's claims:

> Here, the petitioner's conviction became final sometime in 1983, that is, the year in which the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). [footnote omitted] The date the petitioner's conviction became "final" is before the effective date of the AEDPA, that is, April 24, 1996. Thus, the petitioner's 28 U.S.C. § 2254 application is only timely if the limitation period was tolled for all but a period of less than one year between April 24,1996, that is, the effective date of AEDPA, and June 14, 2010, that is, the date he filed the instant action. . . .
>
> Post-conviction relief actions filed before or during the limitations period for habeas corpus actions are "pending" and the limitations period is "tolled", within the meaning of 28 U.S.C. § 2244(d)(2), during the time "a properly filed" post-conviction relief action is before the district court, the time for filing of a notice of appeal and the time the petitioner has to perfect the appeal in such a "properly filed" action if the petitioner actually files a notice of appeal, and the time for the appeal itself. *See Peterson* [*v. Gammon*], 200 F.3d [1202,] 1204-05 [(8th Cir. 2000)] (discussing application of 28 U.S.C. § 2244(d)(2)); *Mills* [*v. Norris*], 187 F.3d [881,] 882-84 [(8th Cir. 1999)] (same); *see also Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year] limitations period during the pendency of a petition for certiorari."); *Snow* [*v. Ault*], 238 F.3d [1033,] 1035-36 [(8th Cir. 2001)] (concluding 28 U.S.C. § 2244(d)(2) does not toll the limitations period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief). Nevertheless, 28 U.S.C. § 2244(d)(2) does not assist the petitioner. Although he filed multiple applications for post-conviction relief, the petitioner does not

account for the period from April 24, 1996, that is, the date the statute of limitation started to run, to October 5, 1998, that is, the date he filed his second application for post-conviction relief, or the period from May 5, 2000, that is, the date the Iowa District Court for Hancock County denied the petitioner's second application for post-conviction relief, to July 20, 2007, that is, the date he filed his third application for post-conviction relief. [footnote omitted]

Because the one-year time limit contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling, if applicable, may apply. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore* [*v. United States*], 173 F.3d [1131,] 1134 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling "reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (equitable tolling reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir. 1993)). In his application for a writ of habeas corpus, the petitioner presents no circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

In sum, with respect to the claims that he raised on direct appeal, the claims that he raised in his first application for post-conviction relief and the claims that he raised in his second application for post-conviction relief, the petitioner did not file the instant application within the one-year period of limitation. Indeed, the petitioner does not account for over eight-and-a-half years. Because it is clear that 28 U.S.C. § 2244(d) bars any claim that the petitioner previously asserted in his direct appeal, first post-conviction relief action and second post-conviction relief action, the relief, if any, that is available to the petitioner is limited. For example, the petitioner is not able to assert that the evidence was insufficient to support the verdict or that the cross-examination of his wife improperly exceeded the scope of direct examination. *See State v. Freie*, 335 N.W.2d 169 (Iowa 1983). Similarly, the petitioner is not able to assert that his conviction was obtained by the use of a coerced confession or that he was denied effective assistance of counsel because they are barred by the applicable statute of limitation. To the extent that the petitioner contends the claims he raised in his third application for post-conviction relief and fourth application for post-conviction relief are timely because the limitation period began to run on a date that is set forth in either 28 U.S.C. § 2244(d)(1)(B) or 28 U.S.C. § 2244(d)(1)(D), the court need not address this issue in light of the court's previous conclusion that the petitioner failed to exhaust the claim(s) that he raised in his fourth post-conviction relief action. Although it is likely that the applicable statute of limitation bars any habeas action filed by the petitioner, the record before the court is not sufficient to conclude that 28 U.S.C. § 2244(d)(1) prevents the petitioner from asserting that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him. The record is insufficient because the petitioner failed to identify the claim(s) that he raised in his third application for post-conviction relief and fourth application for post-conviction relief.

*Freie v. Fayram*, No. C10-3032, Doc. No. 3 (N.D. Iowa, decided July 16, 2010), pp. 8-11.

  Judge Bennett's observations on the applicability of the one-year period of limitations to the claims asserted by Freie in his second federal habeas application apply with equal force to the claims asserted by Freie in his third federal habeas application. The statute began to run on April 24, 1996, the date on which AEDPA was enacted. Freie did not have a postconviction application on file from that day until October 5, 1998, after the one-year period of limitations had expired. Furthermore, for more than six and one-half years, between May 5, 2000, when Freie's second state application for postconviction relief was denied and not appealed, and November 16, 2006, when he filed his third state application for postconviction relief, the period of limitations was untolled.

  Although Freie could have asserted equitable tolling as a basis for not filing his application before the limitation period expired (*see Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("§ 2244(d) is subject to equitable tolling in appropriate cases")), he has not done so, and there are no grounds apparent to the court that would support such a claim. *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) (habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). Since Freie's claims are untimely under § 2244(d)(1)(A), and since Freie is not asserting a newly recognized constitutional right under § 2244(d)(1)(C), he can pursue only claims permitted by § 2244(d)(1)(B) (the limitations period runs from the date a state-created impediment to filing is removed) or § 2244(d)(1)(D) (the limitations period runs from the earliest date on which the factual predicate of the claim could have been discovered through the exercise of due diligence).

  Freie makes three arguments in support of the pending federal habeas application. (*See* Doc. Nos. 2 & 10.) In his resistance to the motion to dismiss (Doc. No. 18), Freie

does not give any reason to excuse the untimeliness of these claims, but instead, simply reargues his claims and contends that the evidence was insufficient to support his conviction.[1] The court, in its own independent review of Freie's claims, can find nothing to support an argument that either § 2244(d)(1)(B) or § 2244(d)(1)(D) excuses the untimeliness of Freie's claims.

Freie first argues that his conviction was obtained by the use of a coerced confession. (Doc. No. 2, p. 9.) In support of this argument, he describes how he was questioned by law enforcement officers shortly after the death of the victim, and claims that after he was questioned, the officers coerced him and lied to him to get him to take a polygraph test. He complains that some of the questions asked during the polygraph test were "trick" questions.

Nothing in the record of this case even suggests that there ever was a State-imposed impediment to Freie's assertion of this claim, nor is there anything to suggest that there is new evidence to support this claim that Freie was unable to discover, in the exercise of due diligence, within the limitations period.

Freie next argues that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him. (Doc. No. 2, p. 13 & Doc. No. 10.) In support of this argument, Freie makes a detailed factual comparison between the gun shot residue evidence offered at trial and the gun shot residence offered at his postconviction hearing, which was conducted before 1988. He also makes an extended argument on the sufficiency of the prosecution's evidence. Nothing in the record suggests that Freie has been prevented from making these arguments by any action of the State in

---

[1] For example, Freie states: "'I'm sorry' for my lack of criminal justice experience, but I feel the material and physical evidence of what happened in Lanny Casper's death, will far out weigh the 'statute of limitations' that is being weighed against me !!!" Doc. No. 18, p. 2 (underlining and punctuation in original).

violation of the Constitution or laws of the United States, or that he has recently learned of facts to support the arguments that could not have been discovered earlier through the exercise of due diligence. In fact, the arguments and the facts supporting the arguments have been asserted repeatedly by Freie since at least 1988.

Finally, Freie argues that he was denied effective assistance of counsel. (Doc. No. 2, p. 33.) This argument also is a repeat of an argument Freie asserted in his first state postconviction action before 1988. There is no showing that the State ever impeded Freie from asserting this claim or that the claim is supported by any new facts recently discovered by Freie that he was unable to discover earlier, in the exercise of due diligence, before the limitations period expired.

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[2] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b) within fourteen days of the service of this Report and Recommendation, that Freie's application for a writ of habeas corpus be **denied**.

**IT IS SO ORDERED.**

**DATED** this 6th day of June, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.