**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND T. FREIE, JR., <br><br> Petitioner, <br><br> vs. <br><br> JOHN FAYRAM, <br><br> Respondent. | No. C10-2073-MWB <br><br> **ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING RESPONDENT'S MOTION TO DISMISS** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *A.  Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        *1.   Standard of review of report and recommendation* . . . . . . . . . 9
        *2.   General standards for § 2254 relief* . . . . . . . . . . . . . . . . . 10
    *B.  Objection To Report And Recommendation* . . . . . . . . . . . . . . . . . . 11

*III. CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Petitioner Raymond T. Freie, Jr.'s Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody is before me pursuant to a Report and Recommendation of Chief United States Magistrate Judge Paul A Zoss recommending that respondent John Fayram's Motion to Dismiss be granted and the petition be dismissed as untimely. Freie filed objections to the Report and Recommendation. Respondent Fayram filed no objections to the Report and Recommendation and no response to Freie's objections. I now consider whether to accept, reject, or modify Judge Zoss's Report and Recommendation in light of the objections.

## I. INTRODUCTION AND BACKGROUND

Freie is an inmate at Anamosa State Penitentiary, Anamosa, Iowa. Following a jury trial in 1981, he was convicted of first-degree murder and sentenced to life imprisonment. Freie appealed his conviction. The Iowa Supreme Court concluded that a reasonable jury could have found the following facts:

> The victim was found in the bathroom of his home fatally shot once through the upper portion of his chest. He had been shot at close range with his own rifle, which was found nearby. Testimony indicated that the bullet followed a path parallel to the ground, piercing the victim's heart. Testimony also revealed that a high level of concentration of antimonium and barium (residue of gunpowder) was found on the palms of the victim's hands indicating that he may have had his hands up in a defensive manner when the fatal shot was fired.
>
> Upon his initial arrest, the defendant made certain statements concerning his whereabouts and involvement in the shooting

>which were inconsistent with his later trial testimony. At trial, the defendant admitted that after learning of his wife's relationship with "another man," he had discussed with his daughter his intention to harm this "other man." Testimony indicated that he sought out the name and address of the victim and had parked in the vicinity of his home on several occasions during a two-week period prior to the victim's death. The defendant admitted that on at least one occasion he entered the victim's home when no one was there. The defendant also admitted being present at the shooting but claimed that as a result of a scuffle with the victim, the rifle accidentally discharged.
>
>    The defendant's version of the incident was that on the day of the shooting he had been waiting for the victim and that when the victim arrived home he went to the door and was invited into the kitchen. Defendant stated that he discussed with the victim his resistance and disapproval of the pending divorce and the future of his children, and then, the victim "got real mad and jumped up, and told me to get the hell out." The defendant claims that as he turned to leave he stumbled over a rifle near the door and picked it up, that the victim then grabbed the gun, and as the two were "pulling it back and forth" the gun went off, striking the victim. The defendant fled but later returned to find the victim lying on the bathroom floor, dead. Frightened, he claimed, he then left with intentions to find his wife.

*State v. Freie*, 335 N.W.2d 169, 171 (Iowa 1983).

On appeal Freie argued that "(1) the evidence was insufficient to support the verdict and (2) cross-examination of his wife improperly exceeded the scope of direct examination." *Id*. The Iowa Supreme Court rejected Freie's arguments and affirmed his conviction. *Id*. at 171-72.

Freie filed an application for post-conviction relief in which he alleged that his trial counsel had been ineffective in not preventing Freie from taking a polygraph examination and stipulating that the results of that test might be offered into evidence. After a hearing, Freie's application for post-conviction relief was denied by the Iowa District Court for Hancock County. Freie appealed that decision to the Iowa Supreme Court, which referred his appeal to the Iowa Court of Appeals.[1] On March 9, 1988, the Iowa Court of Appeals affirmed the denial of his application for state post-conviction relief. *See Freie v. State*, No. 86-1842, 428 N.W.2d 318 (Iowa Ct. App. Mar. 9, 1988) (unpublished table opinion).[2]

On February 26, 1991, Freie filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court. *See Freie v. Nix*, C91-3029 (N.D. Iowa 1991) ("*Freie II*"). On November 22, 1991, Freie filed a motion to voluntarily withdraw his

---

[1]Under Iowa law, appeals in criminal cases must be taken within thirty days of the final judgment. *See* IOWA R. APP. P. 6.101; *see also State v. Braun*, 460 N.W.2d 454, 455 (Iowa 1990); *State v. Raim*, 381 N.W.2d 635, 636 n.1 (Iowa 1986); *State v. Hallock*, 765 N.W.2d 598, 602 (Iowa Ct. App. 2009). In the event an appeal is timely filed, the date procedendo issues determines when a conviction is final under Iowa law; an appeal becomes final on the date procedendo is issued. Iowa Code § 822.3; *see Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996); *Smith v. State*, 542 N.W.2d 853, 853-54 (Iowa 1995).

[2]This opinion is located at Respondent's App. at 1-4.

petition. On December 12, 1991, Judge Edward J. McManus granted Freie's motion and dismissed his petition without prejudice.[3]

On October 5, 1998, Freie filed a second application for state post-conviction relief. *See Freie v. State*, No. PCCV017436 (Iowa Dist. Ct. Hancock Cnty. 1998) ("*Freie III*").[4] On May 5, 2000, the Iowa District Court for Hancock County denied Freie's second application for state post-conviction relief because it was untimely under Iowa's state statute of limitations for filing post-conviction relief actions. *Id*. Freie did not appeal. *Id*. On November 16, 2006, the petitioner filed a third application for state post-conviction relief. *See Freie* No. PCCV018312 (Iowa Dist. Ct. Hancock Cnty. 2006) ("*Freie IV*"). On April 25, 2007, the Iowa District Court for Hancock County denied Freie's third application for state post-conviction relief as untimely under Iowa's state statute of limitations. *Id*. Freie appealed the dismissal of *Freie IV*. On July 20, 2007, Freie filed a fourth application for state post-conviction relief. *See Freie v. State*, No. PCCV018414 (Iowa Dist. Ct. Hancock Cnty. 2007) ("*Freie V*"). After Freie filed a statement in support of jurisdiction, the Iowa Supreme Court dismissed *Freie IV*. *See Freie IV*, No. PCCV018312 (Iowa Dist. Ct. Hancock Cnty. 2007). On August 17, 2007, procedendo issued with respect to *Freie IV*. *Id*. On March 25, 2008, the Iowa District Court for Hancock County denied Freie's fourth application for state post-conviction relief, again as violating Iowa's statute of limitations. *See Freie V*, No. PCCV018414 (Iowa Dist. Ct. Hancock Cnty. 2008). On April 7, 2008, Freie appealed *Freie V's* dismissal. *Id*.

---

[3] Judge McManus's order is located at Respondent's App. at 5.

[4] Iowa state court civil and criminal records may be accessed on-line at: http://www.iowacourts.gov/Online_Court_Services/Online_Docket_Record. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005)(discussing court's ability to take judicial notice of public records).

On June 14, 2010, while Freie's appeal of *Freie V* was pending, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court. *See Freie v. Fayram*, C10-3032-MWB (N.D. Iowa June 14, 2010) ("*Freie VI*"). In his petition, Freie argued that: (1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him; (2) his conviction was obtained by the use of a coerced confession; and (3) he was denied effective assistance of counsel. *Id*. On July 16, 2010, I dismissed, without prejudice, Freie's § 2254 petition on initial review because his appeal of *Freie V* was still pending before the Iowa Supreme Court.

The Iowa Supreme Court has dismissed Freie's appeal in *Freie V* and issued procedendo. *See Freie v. State*, No. 08-0573 (Iowa Sup Ct.).[5] On December 8, 2010, Freie filed the petition for a writ of habeas corpus pursuant to § 2254 which is presently before me. ("*Freie VII*"). In his petition, Freie argues that: (1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him; (2) his conviction was obtained by the use of a coerced confession; and (3) he was denied effective assistance of counsel. *Id*. On February 18, 2011, Freie amended his petition, expanding on his argument in support of one of the grounds asserted in his petition.

The case was referred to Chief United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent Fayram filed a Motion to Dismiss, contending the petition is barred by the one-year period of limitations in the Antiterrorism

---

[5]The parties agree that Freie's appeal of *Freie V* has been dismissed. The record, however, does not disclose the date this occurred nor the date procedendo issued. Iowa state court's on-line service discloses that procedendo has issued but does not disclose the date this occurred.

and Effective Death Penalty Act ("AEDPA").[6] *See* 28 U.S.C. § 2244(d). On July 6, 2011,

---

[6]The AEDPA provides, in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(continued…)

Judge Zoss filed a thorough and comprehensive Report and Recommendation in which he recommended granting respondent Fayram's motion and dismissing Freie's petition. In his Report and Recommendation, Judge Zoss concluded that Freie did not file his petition within the AEDPA's one-year grace period for filing a habeas corpus petition. Judge Zoss further found Freie had not asserted any grounds for equitable tolling of the limitation period. Judge Zoss also explained that, while certain newly discovered evidence may bring a case within an exception to the one-year limitations period, that exception is only available to habeas petitioners who have pursued relevant evidentiary leads with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Judge Zoss found that because all of Freie's claims were discoverable within the limitations period, this exception did not apply. For the same reason, Judge Zoss concluded that the exception for state-created impediments, *see* 28 U.S.C. § 2244(d)(1)(B), was inapplicable. Therefore, Judge Zoss found that Freie's petition was untimely under the AEDPA and recommended granting respondent Fayram's Motion to Dismiss and dismissing Freie's § 2254 petition.

Freie has filed an objection to Judge Zoss's Report and Recommendation. Freie contends that Judge Zoss erred in concluding that his current petition for a writ of habeas corpus is untimely. Respondent Fayram filed no objections to the Report and Recommendation and no response to Freie's objection.

---

⁶(…continued)
28 U.S.C. § 2244(d)(1)-(2).

## II.  ANALYSIS

### A.  Standard Of Review

#### 1.  *Standard of review of report and recommendation*

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).  Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time.  *Id*.  If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  In the absence of an objection, the district court is not required "to give any

more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

### 2. *General standards for § 2254 relief*

Section 2254(d)(a) of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governs Freie's amended petition.

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). In this instance, Freie seeks habeas relief under the second category. An "unreasonable application" of Federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. It is not enough that the state court applied clearly established federal law erroneously or incorrectly-the application must additionally be unreasonable. *Id.* at 411; *see Bell v. Cone*, 535 U.S. 685, 694 (2002) ("an unreasonable application is different from an incorrect one."). Stated differently, a federal court may not grant the petition unless the state court decision, viewed objectively

and on the merits, cannot be justified under existing Supreme Court precedent. *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

### B.  *Objection To Report And Recommendation*

Freie contends that Judge Zoss erred in concluding that his current petition for a writ of habeas corpus is untimely.  Freie argues time to file his § 2254 petition was tolled while he pursued his state post conviction relief actions and his petition should be deemed timely.

Under the AEDPA, petitions for a writ of habeas corpus relief are subject to a one-year statute of limitations as provided in § 2244(d)(1).  *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011).  "By the terms of 2244(d)(1), the one-year limitation period begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).  Where the petitioner's judgment became final before the effective date of the AEDPA or April 24, 1996, the Eighth Circuit Court of Appeals has adopted a one-year "grace" period, which ended on April 24, 1997, for the filing of habeas corpus petitions. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003); *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 (8th Cir. 1999); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999); *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999) (en banc).  Moreover,

> In [*Nichols*, 172 F.3d at 1073, the Eighth Circuit Court of Appeals] held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled.

*Peterson*, 200 F.3d at 1204.

Here, Freie's conviction became final on September 13, 1983, that is, ninety days after procedendo issued and the time permitted for filing a writ of certiorari with the United States Supreme Court had expired.[7] *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). The date Freie's conviction became "final" is before the effective date of the AEDPA, April 24, 1996. Thus, Freie's § 2254 petition is only timely if the limitation period was tolled for all but a period of less than one year between April 24, 1996, the effective date of AEDPA, and December 8, 2010, the date he filed his petition in *Freie IV*. *See Peterson*, 200 F.3d at 1204; *Nichols*, 172 F.3d at 1077.

State post-conviction relief actions filed before or during the limitations period for habeas corpus actions are "pending" and the limitations period is "tolled", within the meaning of § 2244(d)(2), during the time "a properly filed" post-conviction relief action is before the state district court, the time for filing of a notice of appeal and the time the petitioner has to perfect the appeal in such a "properly filed" action if the petitioner actually files a notice of appeal, and the time for the appeal itself. *See Peterson*, 200 F.3d at 1204-05 (discussing application of 28 U.S.C. § 2244(d)(2)); *Mills*, 187 F.3d at 882-84

---

[7]Where, as here, a petitioner files an appeal, the date procedendo issues is relevant in calculating the date when the conviction becomes final. *See Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitations for purposes of § 2244(d)(1)(A) is triggered by: 1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or 2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

(same); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("§ 2244(d)(2) does not toll the [one-year] limitations period during the pendency of a petition for certiorari."); *Snow*, 238 F.3d at 1035-36 (concluding 28 U.S.C. § 2244(d)(2) does not toll the limitations period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief). Nevertheless, § 2244(d)(2) is of no assistance to Freie. Although he filed multiple applications for state post-conviction relief, Freie does not account for the period from April 24, 1996, the date the statute of limitations started to run, to October 5, 1998, the date Freie filed *Freie III*, or the period from May 5, 2000, the date the Iowa District Court for Hancock County denied *Freie III*, to July 20, 2007, the date he filed *Freie IV*.[8]

Because the one-year time limit contained in § 2244(d)(1) is a statute of limitations rather than a jurisdictional bar, equitable tolling, if applicable, may apply. *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore*, 173 F.3d at 1134 (8th Cir. 1999). However, "'[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (quoting *Kreutzer*, 231 F.3d at 463); *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA

---

[8]Iowa law allows a defendant three years in which to apply for post-conviction relief. *See* IOWA CODE § 822.3; *see also Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003); *State v. Chadwick*, 586 N.W.2d 391, 393 (Iowa Ct. App. 1998). Nonetheless, the one-year statute of limitations contained in § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under § 2254 if one year or more of the three-year period for filing a state post-conviction relief application under Iowa Code § 822 lapses. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see also Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter*).

environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling is "reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)(equitable tolling reserved for extraordinary circumstances beyond a prisoner's control). Also, "equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir. 1993)); *see Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (noting that equitable tolling is appropriate "where a defendant's conduct lulls the prisoner into inaction."). The doctrine applies "'only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay.'" *Maghee*, 410 F.3d at 476 (quoting *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir. 2002)). The petitioner has the burden of demonstrating grounds warranting equitable tolling. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Earl*, 556 F.3d at 722. In his present petition for a writ of habeas corpus, Freie identifies no circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

Thus, because Freie does not account for the over eight-and-a-half years that ran during the periods from the date the statute of limitations started to run to the date he filed *Freie III*, and from the date the Iowa District Court for Hancock County denied *Freie III* to the date he filed *Freie IV*, I conclude Freie's claims are barred by § 2244(d)'s one-year

statute of limitations. Because it is clear that 28 U.S.C. § 2244(d) bars Freie's claims, his objection to Judge Zoss's Report and Recommendation is overruled and respondent's Motion to Dismiss is granted.

### III. CERTIFICATE OF APPEALABILITY

Freie must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I conclude Freie's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Freie's claims, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Freie wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson,* 122 F.3d 518, 520-22 (8th Cir. 1997).

### *IV.  CONCLUSION*

I **accept** Judge Zoss's Report and Recommendation.  Therefore, respondent Fayram's Motion to Dismiss is **granted** and Freie's Petition for Writ of Habeas Corpus is **dismissed** as untimely.  I further order that no certificate of appealability shall be issued for any of Freie's claims.  Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 13th day of October, 2011.

MARK W. BENNETT  
U. S. DISTRICT COURT JUDGE  
NORTHERN DISTRICT OF IOWA